## In the United States Court of Federal Claims

No. 18-928C

(Filed: September 7, 2018)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **LINDA A. KPAKA** and **MAHAMUD S. KPAKA II,** | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Linda A. Kpaka and Mahamud S. Kpaka, *pro se*, New York, NY.

Amelia Lister-Sobotkin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Chad A. Readler, Acting Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiffs Linda and Mahamud Kpaka have brought suit seeking equitable relief and discovery against the United States, naming specifically the United States District Court for the Southern District of New York and several agencies of New York City. Compl. at 2-3.[1] They allege improper treatment by city officials while homeless, Compl. at 5-9, and request this court to order New York City to produce records of public assistance given by the City to the Kpakas, Compl. at 2-3, 10.

The United States has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 7. Mr. and Mrs. Kpaka have not responded in opposition to the government's motion,

---

[1]The complaint names New York City's Department of Homeless Services and Human Resources Administration. Compl. at 2. The complaint also requests this court to order relief against United States Marshals in New York City, the New York City Police Department, and a specific city police officer. Compl. at 2-3.

although they had filed a supplement to the complaint on July 16, 2018, *see* Suppl. to Compl., ECF No. 6, prior to the government's motion to dismiss. The supplement did not state any new claims, but contained additional exhibits and facts regarding social services provided to the Kpakas and included a draft of a proposed order granting "search and seizure" of electronic records held by both New York City's Department of Homeless Services and its Human Resources Administration. *Id.*

Because this court lacks subject-matter jurisdiction over the complaint, the government's motion to dismiss the Kpakas' complaint is granted.

## BACKGROUND

The Kpakas have been homeless and receiving public assistance from New York City since March 2015. Compl. at 5. During that time, the Kpakas allege that they have experienced, at the hands of city officers and employees, poor conditions within shelters, sexual harassment, invasion of privacy, thefts of their public assistance benefits, prescription drug fraud, identity theft, mortgage fraud, and hate crimes and discrimination based on marital status. Compl. at 5-6. They specifically mention being forced onto the streets from a shelter room without explanation on a cold night, attempted intrusions into their room late at night, a mortgage payment listed in their Human Resources Administration statement of public assistance when they do not own a house, and improper payments to shelters on their behalf. Compl. at 6-7. They have been homeless outside of the shelter system since November 2017. Compl. at 9.

In 2016, the Kpakas sued for redress of the alleged mistreatment in the United States District Court for the Southern District of New York. Compl. at 4. Most, but not all, of the defendants in that case have been dismissed, although the Kpakas appear to have filed an appeal with the United States Court of Appeals for the Second Circuit. *See* Compl. at 4 & n.1; *see also Kpaka v. New York*, No. 1:16-cv-05205 (S.D.N.Y.).[2] The Kpakas claim that the Southern District of New York "shows no concern[] o[ver] [their] [h]ousing matters or [that they] have been living and suffering inhumanely without reasonable shelter, lavatories[,] and access to adequate nutrition . . . ." Compl. at 9.[3] This suit is still pending against the City of New York and three Human Resources Administration security officers.[4]

---

[2]The Kpakas' complaint asserts jurisdiction "based on a recently dismissed case before Federal Courts in the Southern District of New York[, No. 1:16-cv-05205]." Compl. at 3. This case, however, is still active. *See Kpaka v. New York*, No. 1:16-cv-05205 (S.D.N.Y.).

[3]Two years ago, Linda Kpaka lost an employment discrimination suit in the Southern District of New York, which was subsequently affirmed by the Second Circuit. *See Kpaka v. City Univ. of New York*, No. 14-CV-6021, 2016 WL 4154891 (S.D.N.Y. Aug. 2, 2016), *aff'd*, 708 Fed. Appx. 703 (2d Cir. 2017). Additionally, Mrs. Kpaka also claims to have filed "several judicial conduct and disability complaints against several judiciaries in the Southern District [] of New York and [New York state court]." Compl. at 4. The complaint implies that other state or federal cases have been filed and might be pending. *See* Compl. at 4, 8.

[4]*See Kpaka*, No. 1:16-cv-05205. The United States was not named as a defendant in the district court action. *Id.*

2

In February 2018, due to a decrease in assistance payments, Mrs. Kpaka requested a report of the public assistance being provided to her and Mr. Kpaka. Compl. at 7. Mrs. Kpaka alleges that a mortgage payment is listed on the report, but she asserts that she does not have a mortgage. Compl. at 7. She also noted payments to shelters despite being unsheltered since November 2017. Compl. at 7, 9. The Kpakas sought to obtain from New York City their "personal financial data records" to determine if they were victims of identity theft or other fraud, but "encounter[ed] harassment, hostility[,] or physical threats with every . . . visit." Compl. at 7-8. They have been unsuccessful in obtaining the requested personal records, Compl. at 8, 9, prompting them "to petition [this court] against the United States Southern District of New York and [New York City] Human Resources Administration [and] Department of Homeless Services," Compl. at 9.

The Kpakas filed their complaint in this court on June 26, 2018 relating to alleged mishandling of records of their government benefits and improper actions by governmental officials. Compl. at 3. They petition this court to order the Southern District of New York and the New York City Police Department to "search and seiz[e] [their] official data records . . ." from April 2015 until the present "for payments paid [] for shelter, heat, housing[,] and nutrition from the New York City Department of Homeless Services and [] Human Resources Administration." Compl. at 3; Suppl. to Compl. at 3. The Kpakas also request "official data records" associated with their Social Security Numbers and "calculations of payments made within the [c]ity agencies for [their] food and shelter costs." Compl. at 8-9. The Kpakas state expressly that their claim "is not for monetary judgment against the . . . United States [or the other defendants]." *Id.* at 10.

## STANDARDS FOR DECISION

### A. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, however, provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish this court's jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398). If a plaintiff fails to raise a claim under a money-mandating provision, this court "lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

This court may award equitable relief where specifically authorized by statute. *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998) ("Congress has authorized the Court of Federal Claims to grant equitable relief in certain limited circumstances, . . . [but there is no] general authority to grant equitable relief . . . ."). Under the Tucker Act, equitable relief is limited to instances "incidental and collateral to" a judgment for

monetary damages. 28 U.S.C. § 1491(a)(2); *see James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998).

Mr. and Mrs. Kpaka, as plaintiffs, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on the government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Transfer under 28 U.S.C. § 1631

If a court finds it lacks subject matter jurisdiction over a civil complaint, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. Transfer is in the interest of justice if the claims are "nonfrivolous and . . . should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987).

## ANALYSIS

### I. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

The government contends that this court lacks jurisdiction, arguing that this court has jurisdiction only over claims against the United States, may not review district court decisions, lacks jurisdiction over tort and criminal allegations, and lacks general equitable authority. Def.'s Mot. at 4-7. In their complaint, the Kpakas assert that this court has jurisdiction because "of a recently dismissed case before Federal Courts in the Southern District of New York." Compl. at 3 (referring to *Kpaka*, No. 1:16-cv-05205 (S.D.N.Y.)).

If this court is to exercise jurisdiction over any of Mr. and Mrs. Kpaka's claims, it must do so under the Tucker Act, 28 U.S.C. § 1491(a). Other statutory grants of jurisdiction to this court are inapplicable.

### A. Claims Against New York City's Department of Homeless Services and Human Resources Administration

Under the Tucker Act, this court can only hear claims against the United States, and only claims for monetary compensation resulting from a breach of contract with the federal government or from federal government violations of constitutional, statutory, or regulatory law, excepting tort cases. 28 U.S.C. § 1491(a). This court may not consider claims against states or cities or their instrumentalities. *See, e.g., Bowles v. United States*, 639 Fed. Appx. 647 (Fed. Cir. 2016). Accordingly, all requested relief against New York City or its Department of Homeless

Services or Human Resources Administration, or for an order to the New York City Police Department or its officers, are outside this court's jurisdiction and must be dismissed.

### B. Request to Adjudicate Tort or Criminal Allegations

The Tucker Act excludes tort claims from this court's jurisdiction. *E.g.*, 28 U.S.C. § 1491(a); *see also, e.g., New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1079 (Fed. Cir. 1989). This court also lacks jurisdiction over criminal claims. *See, e.g., Brown v. United States*, 88 Fed. Cl. 322, 328 (2009) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)).

The Kpakas allege several torts, such as assault, fraud, and invasion of privacy, which were allegedly perpetrated by private individuals or city employees. Compl. at 5-9; Suppl. to Compl. at 2. While the Kpakas do not cite criminal statutes, they stylize the complaint as "criminal" and allege being assaulted by several city employees and experiencing theft of their identities and of government benefits. Compl. at 5-9; Suppl. to Compl. at 2. To the extent the complaint requests relief for torts or crimes, this court lacks jurisdiction over any of these tortious or criminal allegations, and those claims must be dismissed for lack of jurisdiction.

### C. Requests for Equitable Relief and Appellate Review

The Kpakas request this court to "issue an order to the United States [District Court for the] Southern District of New York[,] United States Marshal[]s [in New York City], and the New York City Police Department . . . for search and seizure of [their] official data records" dating back to April 2015. Suppl. to Compl. at 3. For this court to grant equitable relief under the Tucker Act, the relief must be "incidental and collateral to" a judgment for damages. 28 U.S.C. § 1491(a)(2); *see James*, 159 F.3d at 580. The order requested by the Kpakas is not collateral to any monetary claim against the United States. They specifically disclaim a monetary claim against the United States. Compl. at 10 ("not for monetary judgments against Defendant United States").

Additionally, this court lacks judicial power to issue an order to a federal district court and to exercise appellate review over district court decisions. *See Joshua*, 17 F.3d at 379 ("The Court of Federal Claims does not have jurisdiction to review the decisions of district courts or [their] clerks . . . relating to proceedings before those courts."). Further, the Kpakas are attempting to appeal decisions in the proceeding before the Southern District of New York and that case remains active, Compl. at 4 n.1, and this court lacks jurisdiction to hear cases pending before other courts, *see* 28 U.S.C. § 1500 (no jurisdiction where suit is pending in any other court); *Ministerio Roca Solida v. United States*, 778 F.3d 1351, 1353 (Fed. Cir. 2015). If the Kpakas believe the District Court for the Southern District of New York erred it its decisions, the proper remedy is to appeal to the United States Court of Appeals for the Second Circuit, as they have done, not to request re-litigation by another trial court.

This court may also not award the relief requested against the United States Marshals. The Marshals are not named as defendants and the complaint alleges no facts alleging any wrongdoing by the Marshals. No monetary relief is sought from the Marshals, and therefore the requested relief cannot be collateral. Instead, it appears the Kpakas merely seek this court to order the Marshals to execute their "search and seizure" request.

Because the Kpakas seek only equitable relief that is unrelated to a claim for damages against the United States, their complaint must be dismissed for want of jurisdiction.

## II.     Transfer under 28 U.S.C. § 1631

The Kpakas have not requested transfer of their complaint, but this court may transfer claims upon finding that it lacks jurisdiction, the transferee court has jurisdiction, and transfer is in the interest of justice. 28 U.S.C. § 1631. The government has preemptively opposed a transfer request. Def.'s Mot. at 8. The court concurs that transfer of this case is not appropriate. Transfer is not in the interest of justice if litigation would be barred by *res judicata* or collateral estoppel, or if the case is pending in another court. *See Montagne v. United States*, 90 Fed. Cl. 41, 49 (2009) (rejecting transfer after dismissing the case because the plaintiffs already lost on their claims in the United States Tax Court).

## CONCLUSION

For the reasons stated, the government's motion to dismiss the Kpakas' complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

*[signature]*

Charles F. Lettow
Senior Judge